PHILANDER WILSON v. COMM'RS OF COWLEY COUNTY.

APPEALS, *From Decision of County Board; Statutes Construed.* Section 7 of the act of 1874, relating to roads and highways, does not repeal by implication or otherwise, any part of section 30 of the act of 1868, relating to counties and county officers; but both sections may and do have force and operation, and "any person feeling himself aggrieved by the award of damages made by the board of county commissioners (in establishing a road) may appeal from the decision of said board of county commissioners" under either section.

*Error from Cowley District Court.*

THE *Board of County Commissioners* of Cowley county, on the 4th day of October 1875, confirmed the report of road-viewers declaring a road through *Wilson's* land a public highway, and awarding *Wilson* $20 for his damages by reason thereof. *Wilson* duly appealed from such decision to the district court on the 26th of said October, under and in accordance with § 30 of chapter 25, Gen. Stat., relating to counties and county officers. The county attorney appeared and filed a motion to dismiss such appeal, and the district court, at the April Term 1876, sustained said motion. *Wilson* now brings the case here, alleging that his appeal was erroneously dismissed.

*Hackney & McDonald,* for plaintiff in error.

*A. J. Pyburn,* county attorney, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether section 7 of the act of 1874, relating to roads and highways, so repeals or modifies section 30 of the act of 1868 relating to counties and county officers that no appeal can be taken under said section 30 in any case where an appeal might be taken under said section 7. Said section 30 reads as follows:

"SEC. 30. Any person who shall be aggrieved by any decision of the board of commissioners, may appeal from the decision of such board, to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board, within thirty days after the making of such decision, and executing a bond to such county, with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant." (Gen. Stat. 260.)

That portion of said section 7 which applies to this question reads as follows:

"SEC. 7. * * * All allowances for damages, as provided in this act, shall be subject to revision by the said board of county commissioners, and any person feeling himself aggrieved by the award of damages made by the board of county commissioners, may appeal from the decision of the said board of county commissioners to the district court upon the same terms, in the same manner, and with like effect as in appeals from judgments of justices of the peace in civil cases." (Laws of 1874, p. 168.)

The statute prescribing how appeals shall be taken from judgments of justices of the peace in civil cases provides as follows:

"SEC. 121. The party appealing shall within ten days from the rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned, *first*, that the appellant will prosecute his appeal to effect, and without unnecessary delay; *second*, that if judgment be rendered

against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant." (Gen. Stat. 800.)

"SEC. 122. The appeal shall be complete upon filing and approval of the undertaking as provided in section 121. The said justice shall immediately make out a certified transcript of his proceedings in the cause, and shall, within twenty days from the rendition of the judgment, deliver or transmit to the clerk of the district court of his county the said transcript, the undertaking on appeal, and all the papers in the cause. All further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice. No notice of appeal shall be required to be filed or served; and the case shall be tried *de novo* in the district court upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed." (Laws of 1870, page 184, §7, amending §122 of the justices act.)

Before proceeding further we would say, that there is nothing to be found in any statute that in terms repeals or modifies any of the provisions of said section 30 of the act relating to counties and county officers. And the act of 1874, relating to roads and highways, does not contain that general clause, often found in statutes, repealing "all acts and parts of acts inconsistent therewith." The only question then is, simply, whether said section 7 of the act relating to roads and highways, does, of itself, and solely by implication, so repeal said section 30 that no appeal from an award of damages in a road case can be taken thereunder. Now before it can be held that said section 7 repeals said section 30, it must be held that there is an irreconcilable conflict between the two sections, or that one was unquestionably intended to take the place of the other, and be a substitute therefor, or that one includes the other, and that by giving the one having the most extended scope and operation full force and effect it would virtually render the other superfluous and nugatory. (See Sedgwick Const. & Stat. Construction, 2d ed. 97, *et seq.*, and Pomeroy's Notes, and cases there cited; Potter's Dwarries Stat. & Const. 154, *et seq.*, and cases there cited.) Now

it cannot be said that there is any conflict between said sections. Each may have force and operation. Neither purports to be exclusive. Neither purports to take the place of the other; and neither includes the other. Each simply permits an appeal to be taken, and each provides for a different mode of taking the appeal. They simply give cumulative, and not inconsistent modes for taking an appeal. (Sedgwick Stat. & Const. 100, *et seq.;* Pomeroy's Notes, and cases there cited.) Section 30 provides that "any person who shall be aggrieved by *any decision* of the board of commissioners *may* appeal from the decision of such board" in one way, while section 7 simply provides that "any person feeling himself aggrieved by the award of damages made by the board of county commissioners *may* appeal from the decision of the said board of county commissioners" in still another and an additional way. Both sections prescribe a mode for taking the appeal, but neither section provides that the mode it prescribes shall be the only mode. They each leave the appellant to exercise his option as to what mode he will adopt in taking his appeal. If he appeals under section 7, he must appeal in ten days, and must give a bond in a sum not less than fifty dollars; but in such a case he is relieved from serving any written notice on the county clerk. If however he appeals under section 30, he may do so in thirty days, and may give a bond in a sum less than fifty dollars, provided that such sum is sufficient, but in such a case he must always serve said written notice on the county clerk. These are the principal differences between these two modes of appeal. Both are proper, and both may be held to be in force.

The decision of the court below dismissing said appeal will therefore be reversed, and cause remanded for further proceedings.

All the Justices concurring.